UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW LOPEZ,

    Plaintiff,

v.

KATHLEEN ALLISON, et al.,

    Defendants.

Case No. 21-cv-07136-PJH

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

### DISCUSSION

**STANDARD OF REVIEW**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was the victim of excessive force by a correctional officer and his due process rights were violated at a Rules Violation Report ("RVR") hearing. The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977).

Liberty interests can arise both from the Constitution and from state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id*. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See Hewitt*, 459 U.S. at 466-68.

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Connor*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. When conducting the *Sandin* inquiry, Courts should look to Eighth Amendment standards as well as the prisoners' conditions of confinement, the duration of the sanction, and whether the sanctions will affect the length of the prisoners' sentence. See *Serrano*, 345 F.3d at 1078.

The Supreme Court has established five procedural requirements for disciplinary hearings. *See Wolff*, 418 U.S. at 539. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id*. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id*. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id*. (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an

adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id*. at 570.  The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id*. at 567-68, and does not give rise to a right to counsel in the proceedings, *see id*. at 569-70.

"In a § 1983 or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

Plaintiff states that without provocation he and his friend were assaulted by another inmate and plaintiff defended himself.  The assailant fell to the ground and plaintiff stood in place several feet away when defendant Correctional Officer Thomas arrived and struck plaintiff in the low left buttock with a baton.  Thomas used so much force that plaintiff fell to the ground and suffered a black bruise for three months.

Plaintiff and his friend were issued identical RVRs for fighting.  The hearing officer, defendant Lt. Butcher found plaintiff guilty even though plaintiff's friend was found not guilty at a different hearing with a different hearing officer, despite the same set of facts.  Plaintiff alleges that several supervisor defenders ratified the guilty finding.  Plaintiff also states that defendant Butcher falsified the record by viewing video footage of the incident and falsely reporting the content.  Plaintiff does not state the punishment from the RVR, but alleges that it raised his risk of violence assessment and was referenced in denying him parole at two hearings.

Liberally construed, plaintiff presents a claim of excessive force against defendant

4

Thomas.  The remaining claims and defendants are dismissed with leave to amend to provide more information.  With respect to the many supervisor defendants, plaintiff must describe their specific actions and how they were involved in violating his due process rights.  With respect to defendant Butcher plaintiff must also provide more information.  Plaintiff must describe his punishment, if he lost time credits and how any other punishment imposed an atypical and significant hardship.  He should also provide more information how the hearing violated his constitutional rights with respect to *Wolff*.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend.  Plaintiff may indicate he only wishes to proceed with the excessive force claim.  Or he may file an amended complaint with more information for the other defendants and claims.  An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 1, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge