UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW LOPEZ,

    Plaintiff,

v.

D. C. THOMAS,

    Defendant.

Case No. 21-cv-07136-PJH

**ORDER**

Re: Dkt. No. 6

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered service on plaintiff's excessive force claim. The court dismissed without prejudice plaintiff's claims related to his disciplinary hearing and punishment as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), because plaintiff was assessed a loss of time credits. Plaintiff was informed that he could proceed with a claim for money damages if the disciplinary finding was reversed or expunged. Plaintiff has filed this instant motion seeking a ruling on his Equal Protection claims and arguing that *Heck* does not apply.

Plaintiff argues that *Heck* does not apply because he is serving an indeterminate life sentence and the restoration of time credits will not lead to a speedier release. *See Lopez v. Calderon*, No. F049556, 2007 WL 257965, at *1 (Cal. Ct. App. Jan. 31, 2007). Plaintiff is correct and his claims regarding the disciplinary hearing are not *Heck* barred. However, the court discussed the factors set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and noted that despite being granted leave to amend, plaintiff had not described any violations of the *Wolff* protections. In this instant motion plaintiff does not argue there were any *Wolff* violations, only that there was no evidence to sustain the

charge. Docket No. 6 at 1.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. *See id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *See id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See id.* The court has reviewed plaintiff's allegations, and while he disputes the defendants' interpretation of the evidence, there was some evidence to find plaintiff guilty. For all these reasons, plaintiff's Due Process claims are dismissed.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff argues that another inmate was found not guilty at a different disciplinary hearing based on the same evidence and that this violated his rights under Equal Protection. However, plaintiff has failed to present any allegations that his treatment was

invidiously dissimilar from the other inmate.  Simply that another inmate was found not guilty is insufficient.  Plaintiff states that he is Hispanic and the other inmate who was found not guilty is also Hispanic.  Plaintiff presents no allegations to support an Equal Protection claim.

Nor can plaintiff proceed with an Equal Protection claim regarding the allegations of excessive force.  Plaintiff alleges that the defendant was responding to plaintiff being in an altercation with another inmate and defendant hit plaintiff with a baton causing injuries.  This is insufficient to state an Equal Protection violation.  Plaintiff's motion to review the claim (Docket No. 6) is **GRANTED**.  These claims are dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Dated:  December 21, 2021

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2021\2021_07136_Lopez_v_Thomas_(PSP)\21-cv-07136-PJH-ord.docx