UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. C. THOMAS,<br><br>　　　　Defendant. | Case No. 21-cv-07136-PJH<br><br>**ORDER**<br><br>Re: Dkt. Nos. 25, 30, 33 |

　　　　Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  This action proceeds with allegations that without provocation plaintiff and his friend were assaulted by another inmate and plaintiff defended himself.  The assailant fell to the ground and plaintiff stood in place several feet away when defendant Correctional Officer Thomas arrived and struck plaintiff in the low left buttock with a baton.  Thomas used so much force that plaintiff fell to the ground and suffered a black bruise for three months.  The case continues with a claim of excessive force against Thomas.  Plaintiff has filed a motion to compel and motion for reconsideration.

　　　　Plaintiff seeks to compel the following:

- Video and sequenced frames of the incident.
- Confidential portions of the incident report.
- Defendant's post order on the day of the incident.
- Defendant's training logs.
- Defendant's personnel file.

　　　　Plaintiff viewed the security footage on May 6, 2022, and the sequenced frames from the video were provided on June 8, 2022.  Plaintiff argues that he was not provided

video footage or sequenced frames of the altercation with the other inmate; however, he has not shown how footage of that incident is relevant to the claim of excessive force against defendant. Plaintiff's request for this discovery is denied as moot. Defendant shall provide video footage of the fight with the other inmate along with the video of the incident with defendant when a dispositive motion is filed for the court to determine if it is necessary for plaintiff to view the footage of the fight with the other inmate.

Defendant further argues that plaintiff's requests for the post order, training logs and personnel file are irrelevant to the claim in this case. Defendant's argument is well taken. The sole claim involves defendant striking plaintiff with a baton after an altercation with another inmate and there is video of the incident. The post order, training logs and personnel file are irrelevant to the issue if defendant used excessive force in this once instance.

With respect to the request for the confidential portions of the incident report, it is possible that there is relevant information in that document. Defendant shall provide the confidential portions of the incident report for the court to conduct an in camera review.

In screening the complaint, the court dismissed plaintiff's due process claims with respect to his disciplinary hearing for fighting with the other inmate. Docket Nos. 5, 7. The court reviewed plaintiff's allegations, and while he disputed prison officials' interpretation of the evidence, there was some evidence to find him guilty pursuant to *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Nor had plaintiff shown a violation of the protections provided in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In his motion for reconsideration, plaintiff argues that there was insufficient evidence to find him guilty and an amendment to a report was issued that he was not provided. Plaintiff has not demonstrated how the amended report violated *Wolff* and his allegations of insufficient fail for the reasons stated in the prior order. His motion is denied.

For the foregoing reasons:

1. Plaintiff's motion to compel (Docket No. 25) is **DENIED** in part except that defendant shall produce for in camera review confidential portions of the incident report by **August 2, 2022**. Plaintiff's motion for reconsideration (Docket No. 30) is **DENIED**.

2. Defendant's motion for an extension of time (Docket No. 33) is **GRANTED** and an opposition to plaintiff's motion for summary judgment shall be filed by **August 8, 2022**, when defendant files his dispositive motion. Defendant shall provide the complete video footage to the court including the altercation between plaintiff, his friend and the other inmate as well as the incident between plaintiff and defendant.

**IT IS SO ORDERED.**

Dated: July 12, 2022

                                        */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge